Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NUBRIDGE COMMERCIAL LENDING REO
SPV I INC.,
                Plaintiff,                     VERIFIED COMPLAINT

        -against-

KA & B PROPERTIES, INC., 145 WEST MAIN
LLC, ROBERT O'CONNOR,
                Defendant(s).
------------------------------------------------------------------X

      Plaintiff, Nubridge Commercial Lending REO SPV I Inc. ("Nubridge" or "Plaintiff"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendants KA & B Properties, Inc., 145 West Main LLC and Robert O'Connor (the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 135 & 145 West Main Street, Smithtown, NY 11787, known on the Suffolk County Tax Map as District 0800 Section 077.00 Block 04.00 and Lots 002.000 & 003.000 (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. Nubridge is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 21680 Gateway Center Drive, #230, Diamond Bar, CA 91765. For the purposes of diversity, Nubridge is a citizen of Delaware and California.

3. KA & B Properties, Inc., upon information and belief, is a corporation organized under the laws of the state of New York with its principal place of business located at 135 West Main Street, 2nd Floor, Smithtown, NY 11787. As such, for the purposes of diversity jurisdiction, it is a citizen of the state of New York. KA & B Properties, Inc. is a necessary party defendant to this action by virtue of the fact that it (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; (iii) is the Mortgagor under the Mortgage; and (iv) is the owner of the subject property.

4. 145 West Main LLC, upon information and belief, is a single member limited liability company, whose member is Robert O'Connor. Robert O'Connor is a resident and citizen of the State of New York, having an address at 135 West Main Street, Smithtown, NY 11787. 145 West Main LLC is a necessary party defendant to this action by virtue of the fact that it (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; (iii) is the Mortgagor under the Mortgage; and (iv) is the owner of the subject property.

5. Robert O'Connor, upon information and belief, is a resident and citizen of the State of New York, having an address at 135 West Main Street, Smithtown, NY 11787. Robert O'Connor is a necessary party defendant to this action by virtue of the fact that he executed a Guaranty of Payment wherein he personally guaranteed payment on the Note and Mortgage.

6. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

7. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

8. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

9. This action is brought to foreclose a Mortgage made by KA & B Properties, Inc. and 145 West Main LLC set out as follows: Mortgage dated October 29, 2020, made by KA & B Properties, Inc. and 145 West Main LLC to NuBridge Commercial Lending LLC to secure the sum of $1,790,000.00 and interest, recorded in Liber: 23213 at Page: 950 in the Nassau County Clerk's Office on December 30, 2020 (the "Mortgage"). Said lien covers the premises known as 135 & 145 West Main Street, Smithtown, NY 11787. A copy of the Mortgage is annexed as Exhibit "B".

10. On October 29, 2020, KA & B Properties, Inc. and 145 West Main LLC executed and delivered a Note to NuBridge Commercial Lending LLC in the amount of $1,790,000.00 (the "Note"). Also on October 29, 2020, Robert O'Connor executed a Guaranty of Non-Recourse Obligations wherein he personally guaranteed payment of the Note and Mortgage

to the lender, its successors and assigns. A copy of the Note with Allonge and Guaranty of Payment are annexed as Exhibit "C".

11. The Mortgage was assigned by Assignment of Mortgage as follows:

    a) **Assignor**: NuBridge Commercial Lending LLC
       **Assignee**: NuBridge Commercial Lending REO SPV Inc.
       **Dated**: February 18, 2022, sent for recording

    The Assignment of Mortgage is annexed hereto as Exhibit "D".

12. Any applicable recording tax was duly paid at the time of recording said mentioned Mortgage.

13. Plaintiff is in physical possession and is the owner and holder of said original Note and Mortgage.

14. KA & B Properties, Inc. and 145 West Main LLC have failed to comply with the terms and provisions of the said Mortgage and said instruments secured by the Mortgage, by failing to pay the matured balance due on November 1, 2021, and the default continues to date.

15. Plaintiff has complied with the contractual provisions in the loan documents in that a Default Notice to cure was issued on December 29, 2021 to KA & B Properties, Inc., 145 West Main LLC and Robert O'Connor, as guarantor, (the "Default Notice") advising of acceleration of the loan and that by virtue of the continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. 90-day Notices were not required pursuant to Real Property Actions and Proceedings Law ("RPAPL") Section §1304(1) as this is not a residential home loan, but a commercial loan. Copies of the Default Notice with proof of mailing are annexed hereto as Exhibit "E".

16. Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

17. Plaintiff is in compliance with Section Nine-X of the New York State banking law, if applicable.

18. As of the date herein, KA & B Properties, Inc., 145 West Main LLC and Robert O'Connor have failed to respond to the Default Notice.

19. Due to the above-described default, Defendants KA & B Properties, Inc., 145 West Main LLC and Robert O'Connor are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

    a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of December 29, 2021, amounts to $1,950,309.39:

    b. Attorney's fees and other costs and disbursements, payable to Nubridge Commercial Lending REO SPV I Inc. under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

    c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

20. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

    a. Any state of facts that an inspection of the premises would disclose.

    b. Any state of facts that an accurate survey of the premises would show.

     c. Covenants, restrictions, easements and public utility agreements of record, if any.

     d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

     e. Any right of tenants or person in possession of the subject premises.

     f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

     g. Prior lien(s) of record, if any.

21. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

22. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

23. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

     **WHEREFORE**, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and

each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that Defendants KA & B Properties, Inc, 145 West Main LLC and Robert O'Connor, as guarantor, may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the

Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: March 15, 2022
Syosset, New York

                                          Yours, etc.
                                          The Margolin & Weinreb
                                          Law Group, LLP
                                          Attorneys for Plaintiff


                                        By: /s/ Alan H. Weinreb
                                               Alan H. Weinreb, Esq.

## VERIFICATION BY ATTORNEY

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters, I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: March 15, 2022
Syosset, New York

/s/ Alan H. Weinreb
**ALAN H. WEINREB**