UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
NUBRIDGE COMMERCIAL LENDING REO SPV
I INC.,

                              Plaintiff,

    -against-

KA & B PROPERTIES, INC., 145 WEST MAIN
LLC, and ROBERT O'CONNOR,

                             Defendants.
---------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
22-cv-1468 (LDH)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this diversity-real estate foreclosure action, on referral from the Honorable LeShann DeArcy Hall for Report and Recommendation, are: (1) Plaintiff's NuBridge Commercial Lending REO SPV I Inc. ("Plaintiff" or "NuBridge") motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and a judgment of foreclosure and sale pursuant to § 1351 of the New York Real Property Actions and Proceedings Law ("RPAPL"), *see* Plaintiff's Motion for Default Judgment and Judgment of Foreclosure and Sale ("Plaintiff's Motion" or "Pl. Mot."), Docket Entry ("DE") [25], and (2) Defendants' KA & B Properties, Inc. ("KA & B"), 145 West Main LLC ("145 Main") and Robert O'Connor ("O'Connor," or together with KA & B and 145 Main, "Defendants") cross-motion to set aside an entry of default and to dismiss the action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), *see* Defendants' Cross Motion to Set Aside

Default ("Defendants' Motion" or "Def. Mot."), DE [22].[1] By way of Complaint dated March 16, 2022, Plaintiff commenced this action against Defendants alleging that they failed to repay a loan secured by the property at issue, 135 & 145 West Main Street, Smithtown, NY 11787 ("the Property"), and seeking to foreclose on the mortgage secured by the Property. *See* Complaint ("Compl."), DE [1].

Given that good cause exists, the Court respectfully recommends that Defendants' Motion to set aside the entry of default be granted, that Defendants be granted leave to answer the Complaint, and that Plaintiff's Motion for default judgment be denied as moot. The Court further recommends, for the reasons set forth below, that Defendants' motion to dismiss be denied.

## I.   BACKGROUND

### A. Facts

All relevant facts are taken from the Complaint, the exhibits attached thereto and the affidavits and exhibits submitted in connection with the parties' motions. Plaintiff NuBridge is a Delaware corporation with its principal place of business in Diamond Bar, California. *See* Compl. ¶ 2. Defendant KA & B is a New York corporation with its principal place of business in Smithtown, New York. *Id.* at ¶ 3. Defendant 145 Main is a single-member limited liability company, whose sole member is Defendant O'Connor, a resident of Smithtown, New York. *Id.* at ¶¶ 4-5.

---

[1] Although Defendants' motion does not set forth the rule pursuant to which they seek to dismiss the Complaint, the Court construes Defendants' motion as a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) based on Defendants' argument that Plaintiff failed to comply with a condition precedent to the filing of the foreclosure action. *See Comerica Leasing Corp. v. Bombardier Inc.*, No. 16-CV-614, 2019 WL 11027701, at *5 (S.D.N.Y. Sep. 30, 2019) (considering a motion to dismiss for failure to satisfy a condition precedent under Rule 12(b)(6)).

2

On October 29, 2020, KA & B and 145 Main obtained a mortgage loan from NuBridge Commercial Lending LLC ("NuBridge LLC") in the amount of $1,790,000, memorialized in a note (the "Note") and secured by a mortgage (the "Mortgage") on the same date, on the Property. *Id.* at ¶¶ 9-10. Both were recorded with the Nassau County Clerk's Office on December 30, 2020. *Id.* That same day, O'Connor executed a Guaranty of Non-Recourse Obligations, whereby he personally guaranteed payment of the Note and Mortgage "to the lender, its successors and assigns." *Id.* at ¶ 10; Ex. C to Compl. (Note). The parties also simultaneously entered into a Loan and Security Agreement (the "Loan Agreement"). *See* Ex. C to Affidavit of Jorge Ramos in Support of Plaintiff's Motion ("Ramos Aff."), DE [25-7]. The Loan Agreement defines "Events of Default," in relevant part, as:

> (a) **Automatic Events of Default.** The following shall constitute automatic Events of Default:
>
> (1) any failure by [KA &B and 145 Main ("Borrower")] to pay or deposit when due any amount required by the Note, the Loan Agreement or any other Loan Document;[2]
>
> \*   \*   \*
>
> (b) **Events of Default Subject to a Specified Cure Period**. The following shall constitute an Event of Default subject to the cure period set forth in the Loan Documents:
>
> (1) any failure by Borrower or Guarantor [O'Connor] to comply with the provisions of Section 5(y); and

---

[2] The Loan Agreement defines "Loan Document" in relevant part as "the Note, the Loan Agreement, the [Mortgage], the Environmental Indemnity Agreement, the Guaranty, all guaranties, all indemnity agreement, all Collateral Agreements, all O&M Plans, and any other documents . . . executed by Borrower, Guarantor, any other guarantor or any other Person in connection with the Mortgage Loan . . . ." Ex. C. to Ramos Aff. at 28.

3

> (2) any failure by Borrower to perform any obligation under this Loan Agreement or any Loan Document that is subject to a specified written notice and cure period, which failure continues beyond such specified written notice and cure period as set forth herein or in the applicable Loan Document.

*Id.* at § 7(b). Pursuant to Section 5(a) of the Mortgage:

> If an Event of Default has occurred and is continuing, [NuBridge LLC ("Lender")], at its option, may declare the Indebtedness[3] to be immediately due and payable without further demand, and may . . . , proceed by suit or suits at law or in equity or any other appropriate proceeding to remedy . . . to foreclosure this Security Agreement judicially or non-judicially . . . .

Ex. B to Compl. (Mortgage) at § 5(a). Further, all notices issued under the Mortgage must be "in writing, and shall be (A) delivered, in person, (B) mailed, postage prepaid, either by registered or certified delivery, return receipt requested, or (C) sent by overnight expressed courier." *Id.* at § 8. The Mortgage was assigned from NuBridge LLC to Plaintiff on February 18, 2022. Compl. ¶ 11.

According to NuBridge, Defendants defaulted on the Note and Mortgage by "failing to pay the matured balance due on November 1, 2021, and the default continues to date." *Id.* at ¶ 14. O'Connor, however, alleges that "the broker on this deal," Robert Amos, led him to believe that Plaintiff had agreed to permit Defendants to make interest payments only for an additional six months after November 1, 2021. Affidavit of Robert O'Connor in Support of Cross Motion ("O'Connor Aff."), DE [22-1], ¶ 14. Subsequently, NuBridge issued a Notice of Acceleration and Intent to Foreclose

---

[3] The Mortgage defines "Indebtedness" in relevant part as "the principal of, interest on, and all other amounts due at any time under the Note, the Loan Agreement, [the Mortgage] or any other Loan Document (other than the Environmental Indemnity Agreement and Guaranty), including Prepayment Premiums, late charges, interest charged at the Default Rate, and accrued interest as provided in the Loan Agreement and [the Mortgage] . . . ." Ex. B to Compl. at § 1.

4

(the "Notice") to Defendants on December 29, 2021, advising of acceleration of the loan and "that by virtue of the continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable." Compl. ¶ 15; *see* Ex. E to Compl. As of the filing of the Complaint, Defendants had not responded to the Notice. *See* Compl. ¶ 18.

Defendants contend that they did not receive the Notice, which was mailed to "135 and 145 West Main Street, Smithtown, New York 11787," an address which – according to Defendants – does not exist. Declaration of Daniel R. Oliveri in Support of Defendants' Cross Motion ("Oliveri Decl."), DE [22-2], ¶ 10; O'Connor Aff. at ¶¶ 18-19. Moreover, Defendants assert that the Notice – which was submitted as Exhibit E to Plaintiff's Complaint – lacks the "green return receipt requested cards" that would indicate that the Notice was sent with "return receipt requested" as required under the Mortgage. Oliveri Decl. at ¶ 11; O'Connor Aff. at ¶ 19; *see* Ex. B to Compl. (Mortgage) at § 8.

On January 13, 2022, O'Connor sent a Commercial Mortgagor's Declaration of Covid-19-Related Hardship to Plaintiff's then-counsel Alan Weinreb of Margolin & Weinreb, LLP ("Margolin & Weinreb") at Mr. Weinreb's direction. *See* O'Connor Aff. at ¶ 15; Ex. G to O'Connor Aff. As a result, Defendant continued to believe that NuBridge had granted Defendants a six-month extension of the loan's maturity date. *See* O'Connor Aff. at ¶ 15. Beginning on February 24, 2022, O'Connor engaged in settlement negotiations with Alyssa Kapner of Margolin & Weinreb and came to

5

understand that they reached an agreement, although this "turned out to be false as Nubridge [sic] kept increasing the amounts due and not permitting [O'Connor] time to get all the funding." *Id.* at ¶ 16; Exs. D & E to O'Connor Aff.

### B. Procedural History

Based on the foregoing, NuBridge commenced this action against Defendants on March 16, 2022. *See* Compl. Plaintiff contends that, pursuant to the terms of the Note and Mortgage, Defendants are indebted to NuBridge for: (1) the unpaid principal amount due under the Note, with accrued interest and late charges as of December 29, 2021, amounting to $1,950,309.39, (2) attorney's fees and costs, and (3) "[a]ny and all additional fees" that are due under the terms and conditions of the Note and Mortgage. *See id.* at ¶ 19.

On April 9, 2022, Daniel Oliveri of the Law Office of Daniel R. Oliveri PC filed a notice of appearance on behalf of all Defendants. *See* DE [9]. Shortly thereafter, on May 4, 2022, Defendants filed a motion for a pre-motion conference regarding a motion to dismiss the Complaint. *See* DE [11]. Judge DeArcy Hall denied Defendants' motion without prejudice on October 14, 2022, noting that the letter motion did not contain "sufficient legal authority to serve the purpose of a pre-motion conference." Order dated Oct. 14, 2022. Defendants were ordered to file a renewed pre-motion conference request no later than November 7, 2022, and this deadline was later extended to November 28, 2022. *See id.;* Order dated Nov. 3, 2022. O'Connor affirms that due to "the belief I had funding and a settlement with Plaintiff, I informed my attorney to take no further action," resulting in Defendants' failure to

6

file a pre-motion conference request or answer the Complaint by this deadline. O'Connor Aff. at ¶ 22. According to defense counsel, "[d]ue to miscommunication between Defendants and Defendants' attorney" an answer was not filed and "the attorney inadvertently and unintentionally did not seek an extension of time." Oliveri Decl. at ¶ 12. The Clerk of Court entered a certificate of default against Defendants on December 8, 2022. *See* DE [20].

On March 22, 2023, via joint letter, the parties requested permission to file Plaintiff's motion for default judgment and Defendants' cross-motion to set aside the entry of default and to dismiss the complaint. *See* DE [21]. Judge DeArcy Hall referred the application to this Court, which directed the parties to file their motions. On April 11, 2023 and April 17, 2023, respectively, Defendants' Motion and Plaintiff's Motion were filed. *See* Def. Mot.; Pl. Mot. Judge DeArcy Hall referred both motions to this Court for a report and recommendation on April 18, 2023. *See* Electronic Order dated Apr. 18, 2023.

## II. DISCUSSION

Defendants move to set aside the entry of default, arguing that their default was not willful, Plaintiff will not be prejudiced, and that Defendants have a meritorious defense to NuBridge's claims. *See* Def. Mot. Moreover, Defendants move to dismiss the Complaint based on Plaintiff's failure to comply with a condition precedent to the filing of the foreclosure action, *i.e.*, that the Notice was not properly mailed to Defendants as required under the loan documents. *See id.* NuBridge

7

opposes and moves for default judgment against Defendants and for a judgment of foreclosure and sale pursuant to RPAPL § 1351.  *See* Pl. Mot.

Given that good cause exists, the Court respectfully recommends that Defendants' Motion to set aside the entry of default be granted, that Defendants be granted leave to answer the Complaint, and that Plaintiff's Motion for default judgment and for judgment of foreclosure and sale be denied as moot.  The Court further recommends, for the reasons set forth below, that Defendants' motion to dismiss be denied.

### A. **Defendants' Motion to Set Aside Entry of Default**

Pursuant to Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause . . . ."  Fed. R. Civ. P. 55(c); *see Grant v. City of New York*, 145 F.R.D. 325, 326 (S.D.N.Y. 1992) ("In accordance with Rule 55(c), the court may set aside an entry of default for good cause shown.") (internal quotation marks omitted).  In determining whether good cause exists to set aside an entry of default, courts consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981); *see Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 77 (E.D.N.Y. 2010) ("In determining whether good cause exists to set aside an entry of default, courts should consider: (1) the willfulness of the default; (2) the existence of a meritorious defense; and (3) the level of prejudice that the non-defaulting party may suffer should relief be granted.") (internal quotation marks omitted).  The Court may also consider "[o]ther relevant equitable factors," such as whether the entry of default

8

would bring about a harsh or unfair result or where substantial sums of money are at stake. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96-97 (2d Cir. 1993).

It is well established that "default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). Therefore, in deciding a motion to vacate entry of default, "all doubts must be resolved in favor of the party seeking relief . . . ." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see Cumberbatch v. Emstar Pizza, Inc.*, No. 13-CV-7170, 2014 WL 5682513, at *4 (E.D.N.Y. Nov. 4, 2014) ("[I]n light of the 'oft-stated preference for resolving disputes on the merits,' defaults are 'generally disfavored,' and doubts should be resolved in favor of the defaulting party.") (quoting *Enron Oil Corp.,* 10 F.3d at 95-96). On a motion to vacate, "the defaulting party bears the burden of proof." *Knox on behalf of D.K. v. Poughkeepsie City Sch. Dist.*, No. 17-CV-8190, 2022 WL 305275, at *2 (S.D.N.Y. Feb. 2, 2022) (quoting *Time Warner Cable of New York v. Cabada*, No. 97-CV-4172, 1997 WL 797533, at *1 (E.D.N.Y. Dec. 31, 1997)).

1. <u>Defendants Did Not Act Willfully</u>

A finding of willfulness is appropriate where "there is evidence of bad faith" or that a defendant's default is the result of "egregious or deliberate conduct." *Dongguan Fengshang Indus. Co. v. Soho Partners Grp., LLC*, No. 22-CV-06275, 2022 WL 17539158, at *2 (S.D.N.Y. Dec. 6, 2022). In contrast, "[n]egligence or carelessness does not amount to willfulness." *Argus Research Grp., Inc. v. Argus Sec., Inc.*, 204 F. Supp. 2d 529, 531 (E.D.N.Y. 2002); *see Car-Freshner Co. v. Air Freshners, Inc.*, No.

9

7:10-CV-1491, 2012 WL 3294948, at *4 (N.D.N.Y. Aug. 10, 2012) ("[W]illfulness within this Circuit does not include careless or negligent errors even when the negligence is gross."). Where a litigant's conduct is egregious, "the court may find a default to have been willful where the conduct . . . was not satisfactorily explained." *Sec. & Exch. Comm'n v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Courts generally "resolve any doubt about [a defendant's] willfulness in [the defendant's] favor." *Raheim v. New York City Health & Hosps. Corp.*, No. 96 Civ. 1045, 2007 WL 2363010, at *3 (E.D.N.Y. Aug. 14, 2007).

Here, Defendants' conduct in failing to respond to the Complaint was not willful. Although Defendants failed to answer or otherwise respond to the Complaint by the November 28, 2022 deadline, O'Connor affirms that he believed he had reached a settlement with Plaintiff and had therefore instructed his attorney to take no further action on this matter. *See* O'Connor Aff. at ¶ 22. Defense counsel explains that miscommunication between himself and his clients resulted in his "inadvertent[]" and "unintentional[]" failure to answer the Complaint or seek a further extension. Oliveri Decl. at ¶ 12. While defense counsel may have been negligent in failing to seek an extension, this conduct is not sufficiently egregious to demonstrate bad faith. *See Axos Bank v. 64-03 Realty LLC,* No. 20-CV-3549, 2022 WL 3716538, at *5 (E.D.N.Y. May 12, 2022) (vacating entry of default where default was caused by miscommunication between lawyer and client); *Argus Research Grp., Inc.*, 204 F. Supp. 2d at 531 (noting negligence does not amount to willfulness).

10

Accordingly, the Court concludes that Defendants' conduct was not willful, and this factor weighs in favor of granting the motion to set aside entry of default.

2. Plaintiff Will Not be Prejudiced

With respect to the second factor, it is well-established that "[d]elay alone does not establish prejudice." *Enron Oil Corp.*, 10 F.3d at 98. Rather, a plaintiff must demonstrate "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation omitted); *see Ward v. Ramkalawan*, No. 11-CV-4295, 2013 WL 1149108, at *5 (E.D.N.Y. Feb. 11, 2013) (internal quotation marks omitted) ("Prejudice results when delay causes the loss of evidence, create[s] increased difficulties of discovery or provide[s] greater opportunity for fraud and collusion."). Here, Plaintiff has failed to explain how it would be prejudiced by Defendants' default apart from the delay of an adjudication of this matter on the merits. *See Malletier v. Barami Enterprises, Inc.*, No. 04 CIV. 1547, 2006 WL 328343, at *6 (S.D.N.Y. Feb. 14, 2006) (finding no prejudice where plaintiffs "fail[ed] to point to any facts supporting the possibility that evidence has been lost or that discovery will be frustrated"). Because delay alone is insufficient to constitute prejudice, this factor also weighs in favor of granting Defendants' Motion.

3. Defendants Have a Meritorious Defense to Plaintiff's Claims

To establish a meritorious defense, "the defendant 'need not conclusively establish the validity of the defense(s) asserted' but need only present evidence of facts that, 'if proven at trial, would constitute a complete defense.'" *Schlatter v. China*

11

*Precision Steel, Inc.*, 296 F.R.D. 258, 261 (S.D.N.Y. 2013) (quoting *Davis*, 713 F.2d at 916); *see Enron Oil Corp.*, 10 F.3d at 98 ("The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."). Nevertheless, "[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp.*, 10 F.3d at 98. Establishing a meritorious defense "is not a stringent burden." *U.S. Commodity Futures Trading Comm'n v. Musorofiti*, No. 05-CV-3917, 2007 WL 2089388, at *4 (E.D.N.Y. July 17, 2007).

Defendants assert three affirmative defenses in their proposed answer to the Complaint: (1) that Plaintiff failed to comply with a condition precedent to the foreclosure action by improperly mailing the Notice; (2) that NuBridge breached an agreement between the parties to extend the Mortgage's maturity date by six months, and (3) that Plaintiff reneged on a settlement agreement between the parties. *See* Ex. H. to Def. Mot. The Court considers the defenses below.

      i. *Whether Notice of Default Was Required*

Initially, Defendants argue that they have a meritorious defense in that NuBridge failed to comply with a condition precedent to its foreclosure action by improperly mailing the Notice to Defendants. Defendants' Memorandum of Law in Support of Cross-Motion to Vacate Default and Dismiss Plaintiff's Action ("Def. Mem."), DE [22-1], at 5. As noted above, all notices sent in connection with the Mortgage must be "in writing, and shall be (A) delivered, in person, (B) mailed,

12

postage prepaid, either by registered or certified delivery, return receipt requested, or (C) sent by overnight expressed courier." *See* Ex. B to Compl. (Mortgage) at ¶ 8. O'Connor affirms that Defendants did not receive the Notice and points to a number of its deficiencies, namely that it was sent to an address that does not exist and lacked documentation indicating receipt. *See* O'Connor Aff. at ¶ 19.

Defendants, however, have failed to establish that sending the Notice was a required condition precedent to Plaintiff's foreclosure action. As a general matter, in New York a lender is not required to notify a borrower of its default on a mortgage prior to foreclosure, absent a statutory requirement or a contractual provision in the relevant loan documents. *See HPHD Invs. Grp., LLC v. Ioannou*, 188 A.D.3d 1168, 1170, 137 N.Y.S.3d 484 (2d Dep't 2020); Bergman on New York Mortgage Foreclosures § 4.04A ("[I]f neither the note nor the mortgage oblige notice as a prerequisite to acceleration, no notice of default need be sent—and it would not be a defense to foreclosure that notice of default was not provided."). Given that the Property is a commercial building, the 90-day notice requirement for residential mortgages under RPAPL § 1304(1) does not apply to the present action. *See Fairmont Cap., LLC v. Laniado,* 116 A.D.3d 998, 999, 985 N.Y.S.2d 254 (2d Dep't 2014).

Moreover, Defendants do not point to a provision of the Note, Mortgage or Loan Agreement that requires NuBridge to issue a notice of default prior to bringing a foreclosure action. To the contrary, the Loan Agreement defines an "Automatic Event of Default" as "any failure by [Defendants] to pay or deposit when due any amount required by the Note, this Loan Agreement or any other Loan Document," Ex. C to

13

Ramos Aff. (Loan Agreement) at § 7(a), and Defendants do not deny that they are in arrears on the loan. Their default therefore falls within the definition of an Automatic Event of Default. Although Defendants rely on the "Events of Default Subject to Specified Cure Period," which provide for notice, their default does not fall into this category. *See* Defendants' Reply Memorandum of Law in Support of Defendants' Motion, DE [23-10], at 3-4 (citing Loan Agreement at § 7(b)). Further, upon an event of default, the Mortgage authorizes NuBridge to accelerate the loan and bring a foreclosure action "without further demand." Ex. B to Compl. at § 5(a). As such, there is no contractual requirement that a notice of default be issued prior to commencement of a foreclosure action, and whether Defendants received the Notice is irrelevant and does not suggest a meritorious defense.

### ii. *Defendants' Remaining Affirmative Defenses*

Via their proposed answer, Defendants assert two additional affirmative defenses: (1) that NuBridge breached an agreement between the parties to extend the Mortgage's maturity date by six months, and (2) that Plaintiff reneged on a settlement agreement between the parties. *See* Ex. H. to Def. Mot. In support of these defenses, Defendants submit O'Connor's affidavit, as well as email correspondence between O'Connor and a representative of Plaintiff's then-counsel regarding a potential settlement. *See* O'Connor Aff. at ¶¶ 14-16; Exs. D & E to O'Connor Aff. Specifically, O'Connor contends that a representative of NuBridge led him to believe that Defendants had been granted a six-month extension of the loan's maturity date, *see* O'Connor Aff. at ¶ 14, and that he reached a settlement agreement

14

with Plaintiff shortly before this action was filed, on which NuBridge reneged. *See id.* at ¶ 16. The Court concludes that although further discovery on these issues is required, Defendants have raised factual issues that, if proven at trial, could constitute a defense to Plaintiff's claims. *See Schlatter,* 296 F.R.D. at 261. Accordingly, Defendants have established meritorious defenses to NuBridge's claims, and this factor weighs in favor of granting Defendants' Motion.

4. <u>The Equities Favor Setting Aside the Entry of Default</u>

The Court may also consider "[o]ther relevant equitable factors" in evaluating whether to vacate entry of default. *Enron Oil Corp.*, 10 F.3d at 96. Specifically, courts examine whether the entry of default would bring about a harsh or unfair result. *See Argus Rsch. Grp., Inc. v. Argus Sec., Inc.*, 204 F. Supp. 2d 529, 531 (E.D.N.Y. 2002).

Here, the Property is O'Connor's primary asset, and Plaintiff seeks $2,279,522, a substantial sum of money. *See* Def. Mem. at 6. Moreover, if a default judgment is granted, Defendants will face the significant penalty of foreclosure based on a relatively short period of delay – approximately three months elapsed between entry of default and the filing of the present motions. *See E. Sav. Bank, FSB v. Johnson, No.* 13-CV-6070, 2020 WL 1452461, at *3 (E.D.N.Y. Mar. 25, 2020) (granting vacatur of default where defendant would be subject to foreclosure based on a relatively short delay); *U.S. Commodity Futures Trading Comm'n*, 2007 WL 2089388, at *6 (granting vacatur where penalty was $480,000 in statutory damages and the delay was relatively brief). Given these circumstances, as well as the factors discussed above, the Court concludes that the entry of default should be set aside. Accordingly, the

15

Court respectfully recommends that Defendants' Motion to set aside the entry of default be granted and that Defendants be granted leave to answer the Complaint.

### B. Plaintiff's Motion for Default Judgment and Judgment of Foreclosure and Sale

Having determined that the entry of default should be set aside, the Court further recommends that Plaintiff's Motion for default judgment and for judgment of foreclosure and sale be denied as moot. *See Kampfer v. Cuomo*, 993 F. Supp. 2d 188, 192 (N.D.N.Y. 2014), *aff'd*, 643 Fed. App'x. 43 (2d Cir. 2016), *cert. denied*, 136 S. Ct. 2489 (2016), *reh'g denied*, 137 S. Ct. 18 (2016) (denying a motion for default judgment as moot where the Court set aside the entry of default); *Hen v. Parma*, No. 13-CV-0624, 2013 WL 2249245, at *3 (E.D.N.Y. May 22, 2013) (denying motion for default judgment as moot where the Court set aside the entry of a default under Rule 55(c)); *Lichtenstein v. Jewelart, Inc.*, 95 F.R.D. 511, 513 (E.D.N.Y. 1982) ("As the Court's ruling on defendant's Rule 55(c) cross-motion is dispositive, plaintiffs' motion for a default judgment need not be considered.").

### C. Defendants' Motion to Dismiss

Lastly, Defendants seek dismissal of the Complaint based on Plaintiff's failure to comply with a condition precedent to the foreclosure action, *i.e.*, the proper mailing of the Notice. *See* Def. Mot. at 1.[4] For reasons set forth below, the Court recommends that Defendants' motion to dismiss be denied.

---

[4] Although Defendants' Motion is unclear on its argument as to why the Complaint should be dismissed (arguing only why the entry of default should be set aside), the Court construes Defendants' Motion to argue that it has a meritorious defense to NuBridge's claims as grounds for dismissal. *See* Def. Mem. at 5.

16

1. <u>Standard Under Rule 12(b)(6)</u>

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Nevertheless, a pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009)). "[T]hreadbare recitals of the elements of a cause of action," however, that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted); *see Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained

17

in a complaint is inapplicable to legal conclusions."). "The court's consideration on a motion under Fed. R. Civ. P. 12(b)(6) is limited to the factual allegations in the complaint; documents incorporated by reference into the complaint; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit." *Messina v. Mazzeo*, 854 F. Supp. 116, 128 (E.D.N.Y. 1994) (citing *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)); *see Burton v. Am. Fed'n of Gov't Employees (AFGE) 1988*, No. 11-cv-1416, 2012 WL 3580399, at *5 (E.D.N.Y. Aug. 17, 2012).

2. Defendants' Motion to Dismiss Should be Denied

Defendants argue that the Complaint should be dismissed because Plaintiff failed to comply with a condition precedent to the foreclosure action by failing to properly send the Notice to Defendants. Def. Mot. at 1; *see* Def. Mem. at 5. As noted above, however, prior notice was not a condition precedent to NuBridge's foreclosure action. *See* Sec. II.A.3.i., *supra*. Accordingly, the claim does not fail on this basis. Nor have Defendants identified any other deficiencies in Plaintiff's Complaint. The Court therefore recommends that Defendants' motion to dismiss the Complaint be denied.

**III. CONCLUSION**

Given that good cause exists, the Court respectfully recommends that Defendants' Motion to set aside the entry of default be granted, that Defendants be granted leave to answer the Complaint, and that Plaintiff's Motion for default judgment and for judgment of foreclosure and sale be denied as moot. The Court

18

further recommends, for the reasons set forth above, that Defendants' motion to dismiss be denied.

## IV. OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         October 18, 2023

                                    /s/ Steven I. Locke
                                    STEVEN I. LOCKE
                                    United States Magistrate Judge