UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NUBRIDGE COMMERICAL LENDER REO SPV I INC.,

                        Plaintiff,

          v.

KA & B PROPERTIES, INC., 145 WEST MAIN LLC, and ROBERT O'CONNOR,

                       Defendants.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

22-cv-1468 (LDH) (SIL)

---

LASHANN DEARCY HALL, United States District Judge:

    NuBridge Commercial Lender REO SPV I Inc. ("Plaintiff"), commenced this action against KA & B Properties, Inc. ("KA & B"), 145 West Main LLC ("West Main"), and Robert O'Connor, ("Defendants"), pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 et seq. to foreclose on a mortgage.

## BACKGROUND

    On October 29, 2020, Plaintiff issued a mortgage loan to Defendants KA&B and West Main for $1,790,000, memorialized in a note ("Note"). (Compl. ¶ 9, ECF No. 1.) The Note was secured by a mortgage ("Mortgage") on the Property and Defendant O'Connor executed a Guaranty of Non-Recourse Obligations, personally guaranteeing payment of the Note and Mortgage "to the lender, its successors and assigns." (*Id.* ¶¶ 9–10.)

    According to the Complaint, KA&B and West Main defaulted on the Note and Mortgage by "failing to pay the matured balance due on November 1, 2021, and the default continues to date." (*Id.* ¶ 14.) Thereafter, Plaintiff issued a default notice ("Notice") to Defendants on December 29, 2021, advising of acceleration of the loan and "that by virtue of the continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the

outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable." (*Id.* ¶ 15.)

Plaintiff commenced this action against Defendants on March 16, 2022, seeking payment of the unpaid principal amount due under the Note, with accrued interest and late charges as of December 29, 2021, amounting to $1,950,309.39, attorney's fees and costs, and "[a]ny and all additional fees" that are due under the terms and conditions of the Note and Mortgage. (*Id.* ¶ 19.) On May 4, 2022, Defendants filed a letter requesting a pre-motion conference regarding a motion to dismiss the Complaint. (*See* Defs.' Pre-Motion Conf. Ltr., ECF No. 11.) The Court denied Defendants' motion without prejudice on October 14, 2022, because it did not provide "sufficient legal authority to serve the purpose of a pre-motion conference." (Oct. 14, 2022 Order.) The Court then directed Defendants to file any renewed pre-motion conference request no later than November 7, 2022. (*Id.*) On November 3, 2022, the Court extended the deadline to file to November 28, 2022. (Nov. 3, 2022 Order.) Defendants failed to file a letter requesting a pre-motion conference by November 28, 2022, and the Clerk of Court entered a certificate of default against Defendants on December 8, 2022. (*See* Clerk's Entry of Default, ECF No. 20.)

On March 22, 2023, the parties filed a joint letter requesting permission to file Plaintiff's motion for default judgment and Defendants' cross-motion to vacate the entry of default and to dismiss the complaint. (*See* ECF No. 21.) The Court granted the parties' requests. (April 10, 2023 Order.) On April 11, 2023, Defendants filed a motion to vacate the entry of default. (Defs. Mot. Vacate Default J., ECF No. 22.) On April 17, 2023, Plaintiff filed a motion for default judgment. (Mot. Default J., ECF No. 25.) The Court referred both motions to Magistrate Judge Steven I. Locke. for a report and recommendation on April 18, 2023.

2

On October 18, 2023, Magistrate Judge Locke filed a report and recommendation ("R&R"), recommending that Defendants' Motion to set aside the entry of default be granted, that Defendants be granted leave to answer the Complaint, that Plaintiff's Motion for default judgment and for judgment of foreclosure and sale be denied as moot, that Defendants' motion to dismiss be denied. (*See* R&R at 18–19, ECF No. 28.)

With respect to Defendant's motion to vacate the entry of default, Judge Locke considered whether Defendants demonstrated "good cause" to set aside the default. (R&R at 8–9 (citing Fed. R. Civ. P. 55(c)).) Following well-settled precedent, Judge Locke identified four factors relevant to the inquiry into the existence of good cause: (1) the willfulness of the default; (2) the existence of a meritorious defense; (3) the level of prejudice that the non-defaulting party may suffer should relief be granted; (4) whether the equities favor setting aside the entry of default. (R&R at 8–9.)

Judge Locke found that Defendants' failure to file an answer or otherwise respond to the complaint was not willful and instead the result of inadvertence stemming from a miscommunication between Defendants and their attorney. (*Id.* at 10.) Specifically, Defendant O'Connor averred that he instructed his attorney to take no action based on his mistaken belief that the parties would settle. (*Id.* (citing Affidavit of Robert O'Connor in Support of Cross Motion ("O'Connor Aff.") ¶ 22, ECF No. 22-1).) Judge Locke credited this representation, as well as Defendants' attorney's admission that he inadvertently failed to file a responsive pleading when it was clear that the settlement would not occur. (*Id.*) Judge Locke also concluded that Plaintiff would not be prejudiced if Defendants' default was set aside because "Plaintiff [] failed to explain how it would be prejudiced by Defendants' default apart from the delay of an adjudication of this matter on the merits." (*Id.* at 11.) Judge Locke determined that

3

Defendants have at least two meritorious arguments in defense against of Plaintiff's claims: (1) that Plaintiff breached an agreement between the parties to extend the Mortgage's maturity date by six months; and (2) that Plaintiff reneged on a settlement agreement between the parties. (*Id.* at 14–15.) Finally, Judge Locke observed that the equities favor setting aside the default because "Defendants will face the significant penalty of foreclosure" on an expensive asset, "based on a relatively short period of delay." (*Id.* at 15.) Given those factors, Judge Locke recommended that the Court vacate the entry of default. (*Id.* at 16.)

Given Judge Locke's recommendation to vacate the entry of default, he also recommended that Plaintiff's motion for default judgment and for judgment of foreclosure and sale be denied as moot. (*Id.*) Finally, Judge Locke recommended that Defendants' motion to dismiss the complaint be denied because Defendants argued unpersuasively that Plaintiff failed to comply with a condition precedent to the foreclosure action. (*Id.* at 18.)Plaintiff timely objected to the R&R on November 1, 2023.

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a de novo review of those portions of a report and recommendation to which a party submits a timely objection. *Id.* Where there are no objections to portions of the report, the district court "'need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

A district court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) ("[A]fter . . . default is entered, the court may set aside an entry of default for good cause." (alterations, citations, and internal quotation marks omitted)). The three factors articulated by the Second Circuit that courts must consider in response to a motion to set aside pursuant to Rule 55(c) are: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers*, 779 F.3d at 186. Given the Second Circuit's "strong preference for resolving disputes on the merits, . . . all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). These factors should be "construed generously" in favor of party seeking relief from judgment. *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004). Plaintiff objects to the recommendation that the entry of default against Defendants be vacated because Defendant willfully failed to answer by the November 28, 2022 deadline. (Pl.'s Obj. to R&R ("Pl.'s Obj.") at 1, ECF No. 29.)[1] The Court is unpersuaded.

---

[1] Plaintiff also argues that the Court should grant its request for the appointment of a receiver for the mortgaged property, which it terms as "the alternative relief contained in the motion." (Pl.'s Obj. at 1.) However, Plaintiff's motion for default judgment did not include a request for such alternative relief. Instead, Plaintiff raised this request in its opposition to Defendant's motion to vacate. (*See* Pl.'s Opp'n to Def.'s Mot. to Vacate ("Pl.'s Opp'n")at 10, ECF No. 27.) In any event, Plaintiff's argument in support of this request did not engage with the factors commonly (Continued)

5

*First*, Plaintiff objects to Judge Locke's determination that Defendants did not willfully fail to answer by the November 28, 2023 deadline set by the Court. (*Id.* at 1.) A default is willful if it is "'more than merely negligent or careless,' but is instead 'egregious and . . . not satisfactorily explained.'" *Bricklayers*, 779 F.3d at 186 (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). In Plaintiff's view, the affidavits of Defendant O'Connor and Defendants' attorney did not provide a sufficient explanation for the default.[2] (*Id.* at 1–2.) To explain its failure to answer, Defendants provided an affidavit from Defendant O'Connor stating that he mistakenly told his attorney to take no further action in the lawsuit due to his false impression that the parties had reached a settlement agreement. (O'Connor Aff., ¶ 22.) Defendants' attorney, Daniel R. Olivieri, confirmed the miscommunication by Declaration. (*See* Olivieri Decl. ¶ 12, ECF No. 22-2.) "[A] good faith belief that an action will settle constitutes a

---

considered before granting the "extraordinary" relief of appointing a receiver and Plaintiff is therefore not entitled to appointment of a receiver. *See Meisels v. Meisels*, No. 19 CV 4767, 2020 WL 7000903, *5 (E.D.N.Y. May 12, 2020) (applying factors such as "fraudulent conduct on the part of the defendant," "imminent danger of the property being lost," the inadequacy of the available legal remedies," "the probability that harm to the plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment," "plaintiff's probable success in the action," and "the possibility of irreparable injury to his interests in the property").

[2] As an initial observation, Plaintiff parrots the exact arguments considered and rejected by Judge Locke. (See Pl.'s Opp'n at 3("Defendants offer no substantive explanation as to why they defaulted in answering the complaint or why they did not seek an extension").) There is some debate about whether Plaintiff's repackaged arguments should be reviewed de novo or for clear error. *See Geis Constr. South, LLC v. Delahunt*, 20-CV-3834 (MKB) (JMW), 2023 WL 2731692, *4 (E.D.N.Y. 2023) (noting lack of clarity from the Second Circuit on this issue and collecting cases). That said, "in an abundance of caution, this Court reviews Plaintiff's arguments de novo." *Joseph v. Korn*, No. 19-CV-7147, 2021 WL 912163, at *1 (E.D.N.Y. Mar. 9, 2021).

reasonable basis for failing to interpose an answer." *Westchester Fire Ins. Co. v. Tyree Serv. Corp.*, 304 F.R.D. 111, 112 (E.D.N.Y. 2014) (citation and quotations omitted) (finding that the default was satisfactorily explained given that "the Defendants and their counsel attest that the failure to respond to the complaint stemmed from the parties' efforts to resolve this matter in another forum."). Nothing in the record suggests that Defendants' failure to respond arose from a bad faith attempt to avoid litigation. *See Linkov v. Golding*, No. 12–CV–2722 (FB)(LB), 2013 WL 5922974, at *4 (E.D.N.Y. Oct. 31, 2013) ("In addition, [Defendants'] engagement of counsel suggests his intention to defend against the instant lawsuit, albeit belatedly."). To the contrary, Defendants provided email correspondence between the parties wherein they appear to have exchanged a draft settlement agreement, evincing Defendant O'Conner's genuine misunderstanding that the parties would settle. (*See* Defs.' Decl. Supp. Mot. Def. J.Ex. D ("Defs.' Ex. D"), ECF No. 22-6).

*Second*, Plaintiff objects to Judge Locke's finding that Plaintiff will suffer no prejudice if the Court grants Defendants' motion to vacate. (Pl.'s Obj. at 2.) Plaintiff contends that allowing this litigation to continue "will only provide them additional time to benefit from the premises while Plaintiff pays the carrying costs and faces a potential loss due to the erosion of equity in the property." (*Id.*) However, "costs incurred with respect to countering a defendant's motion to vacate do not constitute prejudice." *OneWest Bank, N.A. v. Ruiz*, No. 14-cv-3207 (RRM) (RLM), 2018 WL 1318983, at *3 (E.D.N.Y. Mar. 13, 2018) (citation and quotation omitted) (rejecting similar argument from a plaintiff seeking a judgment of foreclosure).

*Third*, Plaintiff objects to Judge Locke's determination that Defendants have presented meritorious defenses. (Pl.'s Obj. at 2.) A defense is considered meritorious if the evidence submitted "would constitute a complete defense" at trial. *Enron Oil Corp. v. Diakuhara*, 10 F.3d

7

90, 98 (2d Cir. 1993). A defendant bears the burden to establish the existence of a meritorious defense, but this burden is not stringent and the defense "need not be ultimately persuasive at this stage." *Am. Alliance Ins. Co. Ltd v. Eagle Ins.*, 92 F.3d 57, 61 (2d Cir. 1996). Rather, the asserted defense need only "give the factfinder some determination to make." *Id.* Judge Locke found two of Defendants' defenses meritorious: (1) that Plaintiff breached an agreement between the parties to extend the Mortgage's maturity date by six months; and (2) that Plaintiff reneged on a settlement agreement between the parties. ( R&R at 14.) Plaintiff maintains that these arguments are meritless because they are based on "a conclusory statement from [Defendant] O'Connor" and "some e-mails." (Pl.'s Obj. at 2.) However, the emails to which Plaintiff refers clearly show that the parties at one point engaged in settlement negations and even referred to a draft settlement agreement. (*See* Defs.' Ex. D.) As Judge Locke correctly observed, "although further discovery on these issues is required, Defendants have raised factual issues that, if proven at trial, could constitute a defense to Plaintiff's claims." (R&R at 15.)

In sum, the Court finds that it is appropriate to vacate the default.

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED. Defendant's motion to vacate the entry of default is GRANTED. Plaintiff's motion for default judgment and for judgment of foreclosure and sale is DENIED as moot. Defendants' motion to dismiss is DENIED.

SO ORDERED.

Dated: Brooklyn, New York　　　　　　　　　　/s/ LDH
　　　　March 31, 2024　　　　　　　　　　　LaSHANN DeARCY HALL
　　　　　　　　　　　　　　　　　　　　　　United States District Judge