

40 Marcus Drive, Suite 200
Melville, NY 11747
631-454-8059 phone
631-454-8169 fax

January 31, 2025

<u>VIA ECF</u>

U.S. District Court Judge LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: NuBridge Commercial Lending REO SPV I Inc. v. KA&B Properties, Inc., et al.
     Docket No.: 22-cv-01468-LDH-SIL

Dear Hon. Hall:

Our office represents Plaintiff, NuBridge Commercial Lending REO SPV I Inc., ("Plaintiff"), in the above referenced action. Plaintiff respectfully submits this letter to request a pre-motion conference for summary judgment pursuant to Fed. R. Civ. P. 56 with an accompanying Local Rule 56.1 Statement. This request is being made in accordance with the December 10, 2024 Minute Order. *See* Docket No. 49.

## BRIEF PROCEDURAL HISTORY

This is a commercial foreclosure action commenced on March 16, 2022. *See* Docket No. 1. On December 2, 2022, Plaintiff applied for a Clerk's entry of default that was entered on December 8, 2022. *See* Docket Nos. 19-20. Thereafter, Plaintiff moved for, *inter alia*, default judgment and the defendants, KA&B Properties, Inc., 145 West Main, LLC and Robert O'Connor ("Defendants") cross-moved. *See* Docket Nos. 22-25.

On October 18, 2023, the Court issued a Report and Recommendation that was adopted on March 31, 2023 (Docket Nos. 28 and 33). The Order denied Plaintiff's motion and granted the cross-motion to the extent that Defendants' default was set aside and Defendants were permitted to answer. *Id*. Defendants submitted their unverified answer on April 7, 2024 (the "Answer"). *See* Docket No. 34.

The Court issued a scheduling order on May 1, 2024 (Docket No. 36), however, discovery did not take place as counsel for Defendants withdrew his representation. *See* Docket No. 43. Defendants, with the exception of defendant 145 West Main, LLC, retained new counsel. *See* Docket Nos. 45 and 46.

An amended scheduling order was issued on September 24, 2024. *See* Docket No. 47. Defendants, however, did not issue any discovery demands so Plaintiff requested an acceleration of the discovery schedule, that the Court granted on December 10, 2024. *See* Docket Nos. 48-49.

*NuBridge Commercial Lending REO SPV I Inc. v. KA&B Properties, Inc., et al.*
*Docket No.: 22-cv-01468-LDH-SIL*
*January 31, 2025*
*Page 2 of 3*

In accordance with the December 10, 2024 Minute Order, Plaintiff has moved for an appointment of a receiver by servicing a motion on or about January 10, 2025. Since that time, Defendants' counsel contacted our office asking for an extension of time to submit opposition papers because Defendant Robert O'Connor was ill and counsel was only recently able to get in touch with him. Our office consented that request and Defendants' counsel stated that she would file a letter with the Court. Then on January 28, 2025, Defendants' counsel informed us that Robert O'Connor passed away on January 27, 2025. Counsel advised that she would advise the Court, but nothing has been filed on the docket. Therefore, in order to comply with the Court's December 10, 2024 Minute Order, Plaintiff is submitting the attached letter and is filing its receiver motion. Plaintiff is happy to having a conference to discuss the posture of this case now that Mr. O'Connor is deceased. For the Court's information, Mr. O'Connor does not own the subject properties and was not the mortgagor. Mr. O'Connor only guaranteed the loan. Plaintiff has agreed to waive any deficiency judgment against Mr. O'Connor's estate and will seek to discontinue the action against him.

## **PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT**

Plaintiff seeks summary judgment due to the default under the subject loan for the failure to remit the November 1, 2021 payment. Plaintiff has met the initial burden imposed on Fed. R. Civ. P. 56(c) by presenting the attached affidavit of Jesus E. Perez, vice president – loan servicing for Plaintiff (the "Perez Affidavit"), sworn to on January 6, 2025.

"In a mortgage foreclosure action, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default." *See Loancare v. Firshing,* 130 A.D.3d 787, 788 (2d Dept. 2015). Here, the subject loan is presented in the Perez Affidavit with proof of the default under its terms. Additionally, a *prima facie* case for foreclosure was already presented to this Court within Plaintiff's previous application for a judgment. *See* Docket No. 25-2 and No. 25-7. In fact, the Court also determined that Defendants do not dispute the default under the terms of the subject loan. *See* Docket No. 28, at page 14.

The burden therefore shifts to Defendants to furnish documentary evidence establishing a triable issue of fact. *See Amaker v. Foley*, 274 F.3d 677, 680-681 (2d Cir. 2001) citing to Fed. R. Civ. P. 56(e). Defendants' Answer fails to set forth the existence of either a triable issue of fact or a meritorious defense. It simply contains conclusory, generic allegations that are insufficient to defeat a motion for summary judgment. *Id*. Specifically, the Answer is unverified so it only presents uncorroborated hearsay allegations and general denials asserted by counsel.

Notwithstanding, the Answer asserts three affirmative defenses: (1) that Plaintiff failed to comply with the contractual provisions of the loan documents in failing to serve a notice of default; (2) that Plaintiff breached the loan agreement by not extending the maturity date; and (3) that Plaintiff reneged on a settlement agreement. *See* Docket No. 34.

*NuBridge Commercial Lending REO SPV I Inc. v. KA&B Properties, Inc., et al.*
*Docket No.: 22-cv-01468-LDH-SIL*
*January 31, 2025*
*Page 3 of 3*

Defendants are barred by the law of the case doctrine as to the first affirmative defense. In adopting the Report and Recommendation (Docket No. 28), this Court has already made a determination as to the alleged contractual condition precedent. Specifically, the Court determined that the "Defendants do not deny that they are in arrears on the loan" and that "[U]pon an event of default, the Mortgage authorizes NuBridge to accelerate the loan and bring a foreclosure action 'without further demand.'" *Id*., at page 14, citing to Docket No. 25-2, at Ex. B to Complaint, at § 5(a). Therefore, the Court concluded that "there is no contractual requirement that a notice of default be issued prior to the commencement of a foreclosure action, and whether Defendants received the Notice is irrelevant." *Id*.

As to the second and third affirmative defenses, Defendants fail to demonstrate or even allege that there was an agreement between the parties to settle this case and that Plaintiff defaulted under the loan by not extending the maturity or otherwise.  "[I]t is a basic tenet of contract law that no contract exists unless there is an offer, an acceptance of the offer, consideration, mutual assent, and an intent to be bound." *In re Westinghouse Electric Company LLC*, 588 B.R. 347 (N.Y.S.D. 2018).  "Under New York law, an acceptance must comply with the terms of the offer and be clear, unambiguous and unequivocal." *Krumme v. WestPoint Stevens Inc.*, 1433 F.3d 71, 83 (2d Cit. 1998).

Defendants, however, only presented: (i) a conclusory statement from Robert O'Connor, (ii) an unexecuted agreement and (iii) some e-mails. *See* Docket Nos. 22-24. Even assuming, *arguendo*, that the unexecuted agreement and e-mails are admissible, they would not create a triable issue of fact as they do not show that such an agreement was entered into between the parties.  What is presented fails to establish that the parties unequivocally accepted the agreement, which in turn is insufficient to create a triable issue of fact.

As a result, Defendants fail to show that a contract or agreement exists beyond the terms of the subject loan documents presented in this case.  Defendants cannot demonstrate a triable issue of fact to preclude summary judgment in this matter.

If you have any questions, please do not hesitate to contact our office.

Thank you very much for your courtesy in this matter.

Respectfully,
Aldridge Pite, LLP

Kenneth Sheehan, Esq.

cc:     Kafi Harris, Esq.
        Kafi Harris & Associates, P.C.
        *Attorneys for Defendants KA&B Properties, Inc. and Robert O'Connor*
        *VIA ECF*