UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NUBRIDGE COMMERCIAL LENDING REO SPV
1 INC.,

                    Plaintiff,

     -against-

KA & B PROPERTIES, INC., 145 WEST MAIN
LLC, and ROBERT O'CONNOR,

                  Defendants.
------------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
22-CV-1468(LDH)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this mortgage foreclosure action, on referral from the Honorable LeShann DeArcy Hall for Report and Recommendation, is Plaintiff NuBridge Commercial Lending REO SPV 1 Inc.'s ("Plaintiff" or "NuBridge") unopposed motion to appoint a receiver pursuant to Rule 66 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See* Docket Entry ("DE") [50]. For the reasons set forth herein, the Court respectfully recommends that the motion be granted.

## I.    BACKGROUND

This action arises out of Plaintiff's attempt to foreclose upon the properties located at 135 and 145 West Main Street, Smithtown, NY 11787 (the "Premises").[1] *See* Complaint ("Compl."), DE [1], ¶ 1. On October 29, 2020, Defendants KA & B Properties, Inc. ("KA & B Properties") and 145 West Main LLC ("145 West Main,"

---

[1] Although two addresses are identified in the Complaint, there is no apparent distinction and Plaintiff addresses them as one, with only 145 West Main LLC being named as a defendant. The Court will do the same.

1

and, together, the "Borrowers") executed a promissory note (the "Note") related to the Premises in which they agreed to pay NuBridge Commercial Lending LLC $1,790,000.  *See* Declaration of Kenneth Sheehan, Esq. in Support of Motion to Appoint Receiver ("Sheehan Decl."), DE [50-1], Ex. A.  The Note was subsequently assigned to Plaintiff.  Compl. ¶ 11, Ex. D.   Also on October 29, 2020, the Borrowers entered into a:  (1) Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing (the "Mortgage"); and (2) Loan and Security Agreement (the "Loan Agreement").  *Id.* at Exs. B, C.  Defendant Robert O'Connor ("O'Connor," and, with the Borrowers, "Defendants"), who is the President of both Borrowers, is a guarantor of the Loan Agreement.  *Id.* at ¶ 10, Exs. C, E.

By way of a Complaint dated March 16, 2022, Plaintiff commenced this action, asserting, *inter alia*, that Defendants failed to pay the matured balance that became due on November 1, 2021, and the default continues to date.[2]  *Id.* at ¶ 14; Sheehan Decl. ¶ 8.  NuBridge asserts a single cause of action seeking to foreclose upon the Mortgage related to the Premises.  *See* Compl. ¶¶ 9-23.  While the merits of Plaintiff's claim are not at issue in the instant motion, its uncontroverted arguments demonstrate that, based on NuBridge's allegations, pursuant to the terms of the Mortgage and Loan Agreement, Defendants' conduct would constitute an "Event of Default." *See* Mortgage § 1; Loan Agreement § 7.  The Mortgage provides that, upon an Event of Default, Plaintiff "may apply to any court having jurisdiction for the

---

[2] Whether Plaintiff's claims have merit is not presently at issue and not addressed at length.

2

appointment of a receiver for the [Premises]" and that Borrowers "expressly consent[]
to the appointment of such receiver . . . ." Mortgage § 3(e).

On January 31, 2025, Plaintiff filed the instant unopposed motion seeking
appointment of a temporary receiver to "protect its interest in the Premises until it
can obtain a judgment of foreclosure and sale and auction the premises." Plaintiff's
Memorandum of Law in Support of Appointment of Receiver ("Pl.'s Mem."), DE [50-
13], at 2. On March 5, 2026, Judge DeArcy Hall referred Plaintiff's motion to this
Court for a Report and Recommendation.

## II.    DISCUSSION

Pursuant to Fed. R. Civ. P. 66, "the practice in administering an estate by a
receiver or a similar court-appointed officer must accord with the historical practice
in federal courts or with a local rule." The Second Circuit has held that the
appointment of a receiver is an "extraordinary remedy" and should only be granted
to protect a plaintiff's interest in the premises. *See Rosen v. Siegel,* 106 F.3d 28, 34
(2d Cir. 1997) (quoting *Chambers v. Blickle Ford Sales, Inc.*, 313 F.2d 252, 260 (2d
Cir. 1933)); *see also U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC,* 866 F. Supp.
2d 247, 255 (S.D.N.Y. 2012) (holding that, in a foreclosure action based on diversity,
the appointment of receiver is not a substantive right, but is ancillary to the
foreclosure action); *Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000)
(observing that the appointment of receiver is an extraordinary remedy to be used
when necessary to protect the plaintiff's interest in property).

In deciding whether to appoint a receiver, Courts consider the following non-

exclusive factors:

> (1) Fraudulent conduct on the part of defendant; (2) the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; (3) the inadequacy of the available legal remedies; (4) the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and, in more general terms, (5) plaintiff's probable success in the action and (6) the possibility of irreparable injury to his interests in the property.

*Wells Fargo Bank Nat'l Ass'n v. 366 Realty LLC*, 806 F. Supp. 3d 338, 350-51 (E.D.N.Y. 2025) (quoting *Nesbitt Bellevue Prop. LLC*, 866 F. Supp. 2d at 249-50).  "A court weighing an applicant's request for a receivership should also consider whether there exists a contractual provision authorizing the appointment of a receiver." *Wilmington PT Corp. v. Tiwana*, No. 19-CV-2035(DLI), 2020 WL 13158288, at *2-3 (E.D.N.Y. Mar. 25, 2020) (citing *Greystone Bank v. Tavarez*, No. 09-CV-5192(ST), 2010 WL 11651639, *2 (E.D.N.Y. Apr. 26, 2010)).  Relevant here, "the existence of a provision authorizing the application for a receiver in the event of a default, 'strongly supports the appointment of a receiver' when there is a default."  *Nesbitt Bellevue Prop. LLC*, 866 F. Supp. 2d at 250 (quoting *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988)).

Applying these standards, the Court recommends that Plaintiff's motion be granted.  NuBridge seeks "the appointment of [a] receiver so it can protect its interest in the Premises until it can obtain a judgment of foreclosure and sale and auction of the Premises."  Pl.'s Mem. at 2.  Defendants do not dispute this.

Initially, the Mortgage contractually permits Plaintiff to seek the appointment of a receiver, *see* Mortgage § 3(e), which "strongly supports" Plaintiff's position.

4

*Citibank, N.A.*, 839 F.2d at 97.  In *CitiBank, N.A.*, the Second Circuit observed that "it is entirely appropriate for a mortgage holder to seek the appointment of a receiver where the mortgage authorizes such appointment, and the mortgagee has repeatedly defaulted on conditions of the mortgage which constitute one or more events of default."  *Id.*; *see also 366 Realty LLC*, 806 F. Supp. 3d at 354 (granting motion to appoint receiver where the defendant "contractually consented to the appointment of a receiver in the mortgage agreement") (citing *Greystone Bank*, 2010 WL 11651639, at *2)).

Moreover, the balance of harms favors appointing a receiver.  According to Plaintiff, throughout the course of this proceeding, Defendants have "repeatedly stated they are going to settle this matter and pay-off the loan, but continually fail to do so."  Pl.'s Mem. at 3.  Likewise, NuBridge has submitted evidence reflecting both its payment of taxes and insurance for the Premises, as well as a decline in the Premises' value.  *See* Affidavit of Jesus Perez in Support of Motion to Appoint Receiver ("Perez Aff."), DE [50-2], Exs. G-I.  Under these circumstances, and particularly in the absence of objection, appointment of a receiver is appropriate. *See Golden Bridge LLC v. DGS18 Realty LLC*, No. 22-CV-5857(NGG)(CLP), 2025 WL 921098, at *14 (E.D.N.Y. Mar. 27, 2025) (granting the plaintiff's motion to appoint a receiver based upon contractual agreement and balancing of harm); *U.S. Bank Nat'l Ass'n v. Mazel on Del LLC*, No. 22-CV-602V(LGF), 2023 WL 2501046, at *4 (W.D.N.Y. Mar. 14, 2023) (granting unopposed motion to appoint receiver where defendants consented to receiver and were provided with notice of default); *Sovereign Bank v.*

*347 E. 173 LLC*, No. 11-CV-1061(LBS), 2011 WL 2693525, at *3 (S.D.N.Y. June 29, 2011) (granting motion to appoint a receiver where "[b]orrowers' continued management [would] irreparably harm [p]laintiff's interest in the Mortgaged Properties").

Based upon the foregoing, and without opposition from Defendants, the Court respectfully recommends that Plaintiff's motion to appoint a receiver be granted.

## III.    CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion be granted and that a receiver be appointed in this action pursuant to Fed. R. Civ. P. 66.

## IV.    OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below.    Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days of service.    *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order.    *See Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:      Central Islip, New York
            April 5, 2026

                        /s/ Steven I. Locke
                        STEVEN I. LOCKE
                        United States Magistrate Judge

6